UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re:<br><br>ALEX ELI ALVAREZ,<br><br>Debtor. | Chapter 7<br><br>Case No. 24-41674-jmm |
| ALEX ELI ALVAREZ,<br><br>Plaintiff,<br><br>-against-<br><br>UNITED STATES OF AMERICA<br>DEPARTMENT OF EDUCATION,<br>THE STUDENT LOAN CORPORATION,<br>SOUTHWOOD FINANCIAL TRUST I,<br><br>Defendants. | Adv. Proc. No. 24-01074-jmm |

**DEFENDANT U.S. DEPARTMENT OF EDUCATION'S**
**REPLY MEMORANDUM OF LAW**
**<u>IN FURTHER SUPPORT OF ITS MOTION FOR SUMMARY JUDGMENT</u>**

JOSEPH NOCELLA, JR.
United States Attorney
Eastern District of New York
Attorney for Defendant
271-A Cadman Plaza East
Brooklyn, New York 11201

ALEXANDRA MEGARIS
Assistant United States Attorney
*Of Counsel*

# TABLE OF CONTENTS

**PRELIMINARY STATEMENT** .......... **3**

**ARGUMENT** .......... **3**

**I. Defendant's Statement of Undisputed Facts Are Deemed Admitted by Plaintiff by Operation of Law** .......... 3

**II. Plaintiff Has Not Established a Likelihood of Persistently Insufficient Income Under the Second Prong of the *Brunner* Test** .......... 4

**CONCLUSION** .......... **6**

## PRELIMINARY STATEMENT

This reply memorandum of law is respectfully submitted on behalf of Defendant U.S. Department of Education ("Defendant") in further supports of its motion for an order granting summary judgment in the within adversary proceeding pursuant to Federal Rule of Civil Procedure 56, made applicable to this proceeding through Federal Bankruptcy Procedure 7056, and for such other relief as the Court deems just and proper.

For the reasons set forth herein, in Defendant's Memorandum of Law in Support of its Motion for Summary Judgment, Dkt. No. 27, ("Def. Mem."), and all documents submitted in support of the within motion, Plaintiff cannot satisfy her burden under *Brunner v. New York State Higher Education Services Corp.*, 831 F.2d 395 (2d Cir. 1987). Because the undisputed facts of this case show that repayment of Plaintiff's student loans would not constitute an undue hardship as defined by the Second Circuit in *Brunner*, Plaintiff may not discharge her federally-held loans.

## ARGUMENT

### I. Defendant's Statement of Undisputed Facts Are Deemed Admitted by Plaintiff by Operation of Law

The facts set forth in Defendant's Statement of Undisputed Facts, filed by Defendant in support of its motion for summary judgment, Dkt. No. 27, are deemed admitted by Plaintiff because Plaintiff did not controvert any of them. Local Rule 7056-1 clearly states:

> The opposition to a motion for summary judgment shall include a separate statement of the material facts as to which it is contended that there exists a genuine issue to be tried. *All material facts set forth in the statement required to be served by the moving party will be deemed admitted by the opposing party unless controverted by the statement required to be served by the opposing party*.

(emphasis added).

On January 12, 2026, Plaintiff filed a timely memorandum of law opposing the summary judgment motions filed by Defendant and Southwood Financial Trust I ("Southwood"). Dkt No.

28. Plaintiff did not, however, include a separate statement of the material facts as to which she contends there exists a genuine disagreement. *Id.* As such, by operation of law, the facts in Defendant's Statement of Undisputed Facts are "deemed" admitted. *See Ethelberth v. Omogun (In re Omogun)*, Adv. Proc. No. 8-17-08023, 2022 WL 2517160, at *1 (Bankr E.D.N.Y. July 6, 2022) (Scarcella, Bankr. J.) ("By failing to properly controvert plaintiff's Statement of Material Facts, the material facts set forth in plaintiff's statement are "deemed to be admitted" for purposes of the summary judgment motion to the extent they are supported by the record."); *see also Thaler v. Capital One, N.A. (In re Holub Enters., Inc.)*, Adv. Proc. No. 16-8026 2017 WL 3704819, at *3 (Bankr E.D.N.Y. Aug. 23, 2017) (Trust, Bankr. J.) ("Defendants did not respond to the Trustee's Local Rule 7056–1 Statement; as a result, the Court deems them uncontroverted statements of fact.").

Even if the Court were to excuse Plaintiff's omission and rely solely on Plaintiff's memorandum of law in opposition, the factual information set forth by Plaintiff her his memorandum of law is wholly unsupported as it does not contain either a declaration or any citations to evidence. *See Ethelberth,* 2022 WL 2517160, at *1 ("A mere denial by defendant without citation to admissible evidence in the record is insufficient"). Therefore, Defendant's Statement of Undisputed Facts should be deemed admitted in its entirety.

## II. Plaintiff Has Not Established a Likelihood of Persistently Insufficient Income Under the Second Prong of the *Brunner* Test

Plaintiff has failed to demonstrate that she meets the second prong of the *Brunner* test, which requires a debtor to show that " 'additional circumstances exist indicating that the debtor's present economic duress is likely to persist for a significant portion of the repayment period' for the student loans, and that inability to pay is because of factors beyond the debtor's control." Def. Mem. at 6 (quoting *Hlady v. Key Bank N.A. (In re Hlady)*, 616 B.R. 257, 275 (Bankr. E.D.N.Y.

2020) (Scarcella, Bankr. J.)). On the other hand, Defendant has shown, based on Plaintiff's own sworn statements, that Plaintiff has marketable job skills, many working years ahead of her, and faces no medical or other barriers to retraining, relocating, or maximizing her earning potential. Def. Mem. at 6-10.

In opposition to Defendant's showing, Plaintiff unpersuasively argues that she has not been able to secure employment in her field of study "despite years of diligent effort," due to a "severely limited labor market for art history graduates without advanced degrees, institutional access, or financial support." Pl. Oppo. at 11. Plaintiff neither cites to documentary evidence nor expert testimony in support of this self-serving statement, and this claim should be disregarded. *Cf. In re Lozada*, 604 B.R. 427, 436 (S.D.N.Y. 2019) (declining to conclude, even after crediting plaintiff's testimony, that plaintiff was incapable of working "absent competent medical or expert evidence"); *Kelsey v. Great Lakes Higher Educ. Corp. (In re Kelsey)*, (Bankr. D. Vt. 2001) (holding that in cases of claims susceptible to "fabrication" and "exaggeration" such as psychiatric impairments, "[w]ell qualified and substantiated expert testimony is essential").

Plaintiff's next argument, that she is experiencing "chronic underemployment" as evidenced by the fact that she works as a clerk at a stationary store (Pl. Oppo. at 12-13), is entirely circular, unconvincing, and, even if true, insufficient. "In addressing [the second *Brunner*] factor, a debtor must demonstrate that the additional circumstances point to a 'certainty of hopelessness' and not merely a present inability to pay student loan debt." *Jean-Baptiste v. Educ. Credit Mgmt. Corp. (In re Jean-Baptiste)*, Adv. Proc. No. 8-13-08129-las, 2018 WL 1267944, *10 (Bankr. E.D.N.Y Feb. 23, 2018) (Scarcella, Bankr. J.) (denying debtor's motion for summary judgment to discharge her student loan debt under the *Brunner* test). Plaintiff does not assert any exceptional circumstances indicating "a total incapacity now and in the future to pay [her] debts

for reasons not within his control." *Brunner*, 46 B.R. at 758. Plaintiff cannot satisfy her burden under the *Brunner* test, and thus her student loan debt is not dischargeable.

## CONCLUSION

Accordingly, because the undisputed facts of this case demonstrate that repaying Petitioner's Department of Education loans would not result in undue hardship pursuant to Section 538(a)(8) of the Bankruptcy Code, the Court should grant Defendant's motion for summary judgment, together with such other and further relief as the Court may deem just and proper.

Dated: Brooklyn, New York
March 2, 2026

JOSEPH NOCELLA, JR.
United States Attorney
Eastern District of New York
Attorney for Defendant
271-A Cadman Plaza East
Brooklyn, New York 11201

By: /s/ Alexandra Megaris
Alexandra Megaris
Assistant United States Attorney
(718) 254-6105
alexandra.megaris@usdoj.gov

TO:

Natalie Jean-Baptiste, Esq. (counsel to Plaintiff)
153-01 Jamaica Avenue, Suite 202
Jamaica, New York 11432
(646) 988-0567
nljean-baptiste@legal-aid.org

Geoffrey J. Peters, Esq. (counsel to Defendant Southwood Financial I)
5475 Rings Road, Suite 200
Dublin, Ohio 43017
gpeters@weltman.com